IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DELA LUZ LOPEZ, | § | |
| *PLAINTIFF,* | § | |
| | § | |
| VS. | § | Civil Action No. 1:23-cv-0131 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | **JURY DEMANDED** |
| *DEFENDANT,* | § | |

**DEFENDANT AMGUARD INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, AmGuard Insurance Company, ("Defendant" or "AmGuard") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I.    NATURE OF THE SUIT

1.    This lawsuit arises from a claim made by Plaintiff under a policy of insurance. Plaintiff filed this lawsuit alleging, among other things, breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

## II.    PROCEDURAL BACKGROUND

2.    On July 31, 2023, Plaintiff filed an Original Petition initiating an action against AmGuard in the County Court at Law 1 in Cameron County, Texas, bearing Cause No. 2023-CCL-00595 ("the State Court Action").[1] A jury demand was made in the State Court Action. *Id*. On August 8, 2023, Plaintiff served AmGuard via its agent for service of process.[2]

---

[1] *See* **Exhibit D.**
[2] *See* **Exhibit C.**

3.    This Notice of Removal is timely filed within thirty days of service, and one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III.    BASIS FOR REMOVAL

4.    This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.    **Plaintiff is a Texas citizen**. Plaintiff is a Texas citizen who resides in Cameron County, Texas; the property insured is located in Cameron County; and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Cameron County.[3] Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

6.    **Defendant is not a Texas citizen.** AmGuard is a Pennsylvania corporation with its principal administrative office in Pennsylvania. For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business.[4] AmGuard is, therefore, a citizen of the State of Pennsylvania for the purposes of establishing citizenship under 28 U.S.C. § 1332(c). Thus, Defendant is not a citizen of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists among Plaintiffs and AmGuard.

7.    **The amount in controversy requirement is satisfied.** The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[5] The removing party may satisfy its burden by either (1) demonstrating that it is

---

[3] *See* **Exhibit D** at ¶ 1.
[4] *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).
[5] *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

"facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy … that support a finding of the requisite amount."[6] If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a Plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[7]

8.      Plaintiff's Original Petition "seeks monetary relief aggregating $250.000 or less."[8] Plaintiff has also pleaded Defendant violated Texas law, including, but not limited to, the Texas Insurance Code,[9] fraud, [10] conspiracy to commit fraud,[11] breach of contract,[12]

9.      Additionally, Plaintiff pleads for damages for actual costs of repairs, three times the economic damages, attorney's fees, exemplary damages,[13] court costs, and interest.[14]

10.      Attorneys' fees and penalties are included as part of the amount in controversy.[15]  As such, this further supports the conclusion the amount in controversy exceeds $75,000.  The evidence before this Court demonstrates the amount in controversy at the time of removal is as an amount in excess of $75,000.00.

11.      In addition to the foregoing, Plaintiff's own pre-suit submissions for actual damages implicates an amount in controversy that exceeds $75,000.00. "Courts have considered pre-suit

---

[6] *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[7] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).
[8] *See* Exhibit D at ¶¶ 1.1, 1.2.
[9] *See* Exhibit D at ¶¶ 6.1-6.9.
[10] *See* Exhibit D at ¶¶ 7.1-7.6.
[11] *See* Exhibit D at ¶¶ 8.1-8.2.
[12] *See* Exhibit D at ¶¶ 9.1-9.5.
[13] *See* Exhibit D at ¶ 11.1.
[14] *See* Exhibit D at ¶¶ 12.1-12.8.
[15]*See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000).

demand letters as such evidence in determining whether defendants have met the preponderance burden."[16] Defendant submits Plaintiff's presuit notice letter, which demanded $31,000.00 for settlement of the claim.[17]  The demand letter makes clear that this amount does not include treble damages or interest.

12.    Plaintiff will argue that she included a stipulation to limit the amount in controversy to $75,000.  Plaintiff's stipulation is, however, not valid and enforceable.  To allow Plaintiff to fix her stipulation, AmGUARD's counsel reached out to inform Plaintiff's counsel of its defect. Although Plaintiff agreed to fix the stipulation, Plaintiff has not done so at the time of this filing.[18]

13.    The Fifth Circuit has a well-developed body of law surrounding stipulations. Plaintiffs purported "stipulation" does not legally limit Plaintiffs' recovery as required to show that, *to a legal certainty*, they will not be able to recover more than the damages for which he has prayed in the state court complaint.[19]  As Judge Rosenthal explained, in order to meet the standard of "legal certainty" the plaintiff must file a legally binding stipulation or affidavit "*with their state court complaint*" stating that neither the party or the counsel with neither seek nor accept more than $75,000 in state court after remand establishes to a legal certainty that the party will not be able to recover more than $75,000.[20] As Plaintiffs failed to file a binding affidavit with their petition, Plaintiffs could at any time amend their petition to seek a greater dollar amount. Plaintiffs' Original

---

[16] *Armendariz v. Allstate Texas Lloyd's*, 2016 WL 6915279 (W.D. Tex. Nov. 23, 2016) *citing Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 910-12 (5th Cir. 2002) (*per curium*); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).
[17] *See* Exhibit F.
[18] *See* Exhibit G.
[19] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).  *See also Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 910-12 (5th Cir. 2002) (*per curium*); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).
[20] *Id.*

Petition obviously does not constitute a binding stipulation as contemplated by *DeAguilar* or the Texas Rules of Civil Procedure.[21]

14.    In fact, Texas federal courts have determined that certain pleading scenarios not only fail to comply with Texas pleading requirements but also smack of bad faith:

> Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction."). These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction." *De Aguilar*, 47 F.3d at 1410. Thus, Plaintiff's specific sum does not control the Court's analysis.[22]

15.    The Fifth Circuit noticed this opportunity for manipulation and prescribed the following solution:

> We have nevertheless remained vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more," this Circuit has observed that Texas plaintiffs desiring to prevent removal "must file a binding stipulation or affidavit *with* their complaints."[23]

16.    In an effort to avoid a protracted dispute over the amount in controversy, AmGuard's counsel reached out to Plaintiff's counsel to secure a binding stipulation.[24]   While Plaintiff's

---

[21] *DeAguilar*, 47 F.3d at 1412.
[22] *Chavez v. State Farm Lloyds,* No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. 2016) (emphasis added).
[23] *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n. 18 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)) (emphasis added).
[24] Exhibit G.

counsel agreed to fix the stipulation and provide a new one, no such stipulation was provided prior to the deadline for removal in this matter.

17.    Accounting for the actual damages sought by Plaintiff along with the Plaintiff's other claims for monetary relief, including trebling damages and attorney's fees, it is facially apparent that the amount in controversy exceeds $75,000.00 for all amounts within Plaintiff's claimed damages range.[25] Because the amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

## IV.    Other Matters

18.    Removal to the Southern District of Texas, Brownsville Division is proper because the state court action is pending in Cameron County, which is part of the Southern District.

19.    In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal (1) a list of all parties in the case, their party type, and current status of the removed case; (2) a civil cover sheet and certified copy of the state court docket sheet, a copy of all pleadings that assert causes of action, all answers to such pleadings, and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a); (3) a complete list of attorneys involved in the action being removed, including each attorney's bar number address, telephone number, and party or parties represented by that attorney; (4) a record of which parties have requested jury trial; and (5) the name and address of the court from which the case was removed.[26] Defendant will separately file any Corporate Disclosure which may be required in compliance with Rule 7.1.

---

[25] *See, e.g., Singleton v. Liberty County Mutual Insurance Co.*, 2019 WL 2123549, at *1 (N.D. Tex. 2019) (considering "request for treble damages, attorney's fees, [and] interest" in determining the amount in controversy).
[26] *See attached* **Exhibits A-G.**

20.     In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

21.    The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because (1) Plaintiff is a citizen of Texas, (2) Defendant is not a citizen of Texas and (3) the amount in controversy, based on Plaintiff's pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

THEREFORE, Defendant AmGuard Insurance Company respectfully requests that the above-entitled action be removed from the Cameron County County Court at Law 1 in Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

By: /s/ Christopher W. Martin

Christopher W. Martin
State Bar No. 13057620
Federal I.D. No. 13515
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
Email: martin@mdjwlaw.com
**ATTORNEY-IN-CHARGE FOR DEFENDANT AMGUARD INSURANCE COMPANY**

**OF COUNSEL:**
Jamie P. Cooper
Texas Bar No. 24027603
Federal I.D. 34510
E-Mail: cooper@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
11467 Huebner Road, Suite 175
San Antonio, Texas 78230
Telephone: (214) 298-2442
Facsimile: (214) 298-2479
E-Mail:  cooper@mdjwlaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, by CM/ECF filing, on September 7, 2023

Jason Palker                                     service@palkerlaw.com
Michael Saldana                          Michael.saldana@palkerlaw.com
PALKER LAW FIRM, PLLC
4428 S. McColl Road
Edinburg, TX 78539
**ATTORNEYS FOR PLAINTIFF**


*/s/ Jamie P. Cooper*
Jamie P. Cooper