Case 1:23-cv-00131   Document 13   Filed on 01/04/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DELA LUZ LOPEZ,[1] | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-131 |
| AMGUARD INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

# ORDER

In July 2023, Plaintiff Maria Dela Luz Lopez[1] brought suit in a Texas state court against Defendant AmGuard Insurance Company, alleging that the insurer wrongfully denied a windstorm insurance claim. With her Petition, Lopez submitted a "Binding Stipulation of Damages" indicating that she would "not accept an amount that exceeds $75,000.00, inclusive of interests, costs, and attorney's fees, in this civil action." (Binding Stipulation, Doc. 1–4, 28)

In September, AmGuard removed the matter to this Court, contending that diversity jurisdiction existed, and that the Court should ignore the Binding Stipulation because it included only Lopez's electronic signature. (Notice of Removal, Doc. 1, 4)

Although Lopez has not moved to remand this matter, a federal district court has a continuing obligation to ensure that it possesses subject matter jurisdiction at all stages of a proceeding. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999). Based on the record and the applicable law, the Court concludes that the Binding Stipulation effectively limits Lopez's total recovery to a maximum of $75,000, defeating the amount-in-controversy requirement for diversity jurisdiction. As a result, the Court must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[1] Lopez uses both "dela" and "de la" in her filings.

I.   **Background**

In her Petition, Lopez alleged, under Texas Rule of Civil Procedure 47(c), that she sought damages of "$250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." (Petition, Doc. 1–4, 1)  In addition, Lopez attached to her Petition a "Binding Stipulation of Damages", which indicated, *inter alia*:

1. The total sum or value in controversy in this civil action does not exceed $75,000.00, inclusive of interests, costs, and attorney's fees.

   * * *

4. We will not accept an amount that exceeds $75,000.00, inclusive of interests, costs, and attorney's fees, in this civil action.

5. We will not amend the petition giving rise to this litigation to seek an amount in controversy in excess of $75,000.00, inclusive of interests, costs, and attorney's fees.

(Binding Stipulation, Doc. 1–4, 28)  The document ended by stating:

This stipulation of damages is binding on the date that it is signed, on this date: July 28, 2023

/s/ Maria DeLa Luz Lopez

(*Id.*)  The same page also included the electronic signature and signature block of Lopez's counsel.

On August 23, AmGuard's counsel emailed Lopez's attorney, stating that she was "concerned" that Lopez's electronic signature did not comply with the Uniform Electronic Transactions Act, "making it unenforceable". (Email, Doc. 1–7, 3)  A week later, after receiving no response, AmGuard's counsel followed up: "We filed our answer today.  But I need to have a response from you on the stipulation.  I just need it to be enforceable.  I do not believe that it is as it is currently not signed by your client.  Can y'all take care of that?" (*Id.* at 2)

That same day, Lopez's counsel responded, "Our position is that the document signature complies with both the UETA and [Texas Rule of Civil Procedure] 21(f)(7).  How does it not comply?" (Email, Doc. 1–7, 2)  AmGuard's counsel answered a few days later, arguing that Rule 21(f)(7) "applies only to attorney signatures" and that the UETA requires that specific records be

2 / 7

kept verifying an electronic signature. (*Id.* at 1)  She reiterated that she was giving Lopez's counsel "an opportunity to fix your stipulation so that there is no question that it is binding." (*Id.*)  That same day, Lopez's counsel replied, "I appreciate your intent. We will work on correcting this." (*Id.*)  The parties do not appear to have communicated further about the issue, and Lopez did not file an amended or additional stipulation.

On September 7, AmGuard removed the case to federal court on the basis of diversity jurisdiction. (Notice, Doc. 1)  AmGuard indicated that Lopez is a citizen of Texas and AmGuard is a Pennsylvania corporation. (*Id.* at 2)  As to the amount in controversy, AmGuard noted that Lopez sought actual damages, treble damages, exemplary damages, court costs, interest, and attorney's fees, and that based on the requested recovery, it was facially apparent that Lopez sought damages in excess of $75,000. (*Id.* at 3)  With respect to the Binding Stipulation, AmGuard argued that Lopez's use of an electronic signature rendered the document "not valid and enforceable." (*Id.* at 4)

At the initial pretrial conference, the Court addressed the issue and then ordered the parties to submit briefs as to the enforceability of the Binding Stipulation. (Minute Entry for November 29, 2023)  The parties timely submitted their briefs. (*See* AmGuard Brief, Doc. 10; Lopez Brief, Doc. 11)

## II.  Jurisdictional Standard

United States district courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant". 28 U.S.C. § 1441(a).  "The removing party must bear the burden of showing that removal is proper." *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).  Courts determine jurisdiction by examining the state court petition at the time of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### III. Analysis

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court[,] he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). A plaintiff may defeat diversity jurisdiction by stipulating in state court prior to removal that the amount in controversy in the lawsuit does not exceed $75,000, so long as the stipulation "is legally binding on all plaintiffs." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1061 (5th Cir. 2022).

In the present case, two questions arise: (1) whether the language of Lopez's Binding Stipulation effectively limits the amount in controversy to no more than $75,000; and (2) whether the document is legally binding despite reflecting only the purported electronic signature of Lopez and her counsel. The Court concludes that the Binding Stipulation both effectively limits the amount in controversy and is binding against Lopez and her counsel, so as to defeat diversity jurisdiction.

As to the first issue, the primary question is whether a "reasonable reader" of a binding stipulation "would understand that [the plaintiff] was limiting not only what he demanded but what he would accept from the suit". *Durbois*, 37 F.4th at 1061. In the present case, Lopez's Binding Stipulation meets this standard through unambiguous language. She concedes that the "total sum or value in controversy in this civil action does not exceed $75,000.00, inclusive of

interests, costs, and attorney's fees." (Binding Stipulation, Doc. 1–4, 28)  Consistent with this concession, Lopez "will not accept an amount that exceeds $75,000.00, inclusive of interests, costs, and attorney's fees, in this civil action." (*Id.*)  And she "will not amend the petition giving rise to this litigation to seek an amount in controversy in excess of $75,000.00, inclusive of interests, costs, and attorney's fees." (*Id.*)  Other limiting provisions in the document reinforce these straightforward restrictions on the maximum recovery that Lopez seeks or would accept.  And as the Fifth Circuit has explained, "when the plaintiff states the *fact* that it is not seeking more than a particular amount and that it will not accept more than that amount, the *legal consequence* is that the court may not order more than that amount." *Durbois*, 37 F.4th at 1061 (emphasis original).  Thus, if the Binding Stipulation is legally binding against Lopez and her counsel, a Texas state court could not award Lopez more than $75,000 in this lawsuit.

With respect to the enforceability of the Binding Stipulation, AmGuard argues that the document is "ineffective" because it contains only Lopez's purported electronic signature. (AmGuard Brief, Doc. 10, 1)  AmGuard contends that the nature of the electronic signature fails to satisfy either the Uniform Electronic Transaction Act or Texas Rule of Civil Procedure 21(f)(7) and, as a result, does not legally bind Lopez.  In response, Lopez primarily contends that AmGuard's use of an electronic signature in its court filings represents "an implicit agreement to transact electronically", satisfying the UETA. (Lopez Brief, Doc. 11, 2)

As an initial matter, the Court finds that the UETA does not bear on the enforceability of the Binding Stipulation.  The parties do not cite to any authority indicating that the UETA applies to a stipulation that a party prepares in connection with litigation and files with a court.  And this Court has located no such authority.

Instead, the Court finds that Rule 21(f)(7) and related Texas law controls whether the Binding Stipulation legally binds Lopez.  That rule concerns the use of electronic signatures in court filings:

> A document that is electronically served, filed, or issued by a court or clerk is considered signed if the document includes:
>
> (A) a "/s/" and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn; or
>
> (B) an electronic image or scanned image of the signature.

TEX. R. CIV. PROC. 21(f)(7). Texas courts construe their rules of procedure by applying the plain meaning of the text, affording a " 'liberal construction' to further the rules' objective of 'obtain[ing] a just, fair, equitable[,] and impartial adjudication of parties' rights." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654–55 (Tex. 2020). Rule 21(f)(7) is unambiguous, and it provides uncomplicated guidance to litigants, authorizing them to sign a document by utilizing "a '/s/' and name typed in the space where the signature would otherwise appear. Both Lopez and her counsel used this precise formulation on the Binding Stipulation. Although Rule 21(f)(7) precludes such a signature on notarized or sworn documents, that exception does not apply to stipulations regarding damages.

AmGuard appears to contend that Rule 21(f)(7) "applies only to attorney signatures." (AmGuard Brief, Doc. 10, 2 (quoting email to Lopez's counsel)) But the rule contains no such limitation. Rather, Rule 21(f)(7) applies to any "document that is electronically . . . filed", which encompasses the Binding Stipulation. In addition, even if only attorneys could avail themselves of Rule 21(f)(7), Lopez's counsel did so. And federal district courts have found stipulations legally binding against a plaintiff even when only the plaintiff's counsel signed the stipulation. *See, e.g.*, *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:19-CV-65, 2019 WL 7900263, at *2 (S.D. Tex. Aug. 16, 2019) ("[T]he fact that the petition was not signed personally by Plaintiff does not detract from the binding effect of the stipulation"); *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) (rejecting the defendant's argument that Texas law requires a damages stipulation to "be signed and notarized to be binding"); *cf. Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998) ("A stipulation is an

agreement, admission, or concession made in a judicial proceeding by the parties *or their attorneys* respecting some matter incident thereto." (internal quotation marks omitted; emphasis added)). As a result, the Court concludes that Rule 21(f)(7) renders the Binding Stipulation legally binding as to Lopez and her counsel. Based on the Binding Stipulation, a Texas court could not enter a judgment in Lopez's favor in excess of $75,000.

### IV. Conclusion

For the reasons explained in this Order, it is:

**ORDERED** that this case be remanded to the County Court at Law No. 1 of Cameron County, Texas.

The Clerk of Court is directed to close this case.

Signed on January 4, 2024.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge